An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-274

Filed: @

North Carolina Industrial Commission, No. IC Y13108

SAMUEL MORRISON, Employee, Plaintiff,

v.

WAL-MART, Employer, and CLAIMS MANAGEMENT, INC., Carrier, Defendants.

Appeal by defendants from opinion and award entered 15 October 2014 by the North Carolina Industrial Commission. Heard in the Court of Appeals 9 September 2015.

> *Broker & Hamrick, P.A., by Anna R. Hamrick, for plaintiff-appellee.*

> *Hedrick Gardner Kincheloe & Garofalo, LLP, by Holly M. Stott and M. Duane Jones, for defendants-appellants.*

ZACHARY, Judge.

Where competent evidence supported its findings of fact and those findings supported its conclusions of law, the Full Commission did not err in awarding plaintiff disability benefits.

I. Factual and Procedural Background

On 26 August 2011, Samuel Morrison (plaintiff) began working for Wal-Mart. At roughly 9:00 or 9:30 p.m. on 15 October 2011, plaintiff was emptying a trash can

as part of his employment when he felt his hip pop. Plaintiff finished his cleaning duties and clocked out. The next day, plaintiff awoke in pain. Plaintiff did not take time off from work and continued to work as scheduled. Plaintiff did not seek medical attention for his injury, but was limping and experienced pain. He was able to perform his normal duties, but could not lift heavy objects or work in wet areas where there was a risk of slipping. Plaintiff did not think that his injury was serious. He did not inform his supervisor until she approached plaintiff and asked about his limp.

On 22 October 2011, plaintiff reported his injury to personnel and filled out an incident report. Plaintiff declined to seek medical treatment. Plaintiff continued to perform his normal duties. On 27 October 2011, plaintiff complained that his hip was hurting. Despite filling out additional forms concerning the injury, plaintiff continued to work at Wal-Mart until 1 April 2012.

On 1 April 2012, plaintiff was a passenger in a vehicle which was struck by a pickup truck. Plaintiff's left knee and hip were smashed against the center console with enough force to fracture the knee in two places. Plaintiff received immediate treatment at Park Ridge Hospital Emergency Room. This was the first medical treatment plaintiff had sought with respect to his hip injury. Plaintiff's hip pain worsened after the car accident. As a result, plaintiff took a leave of absence from work.

On 6 August 2012, plaintiff expressed his intent to file a Workers' Compensation claim for his hip condition relating to the 15 October 2011 incident. On 7 August 2012, Wal-Mart and its insurance carrier, Claims Management, Inc. (collectively, defendants) filed a Form 19 report of employee's injury or occupational disease. On 9 October 2012, defendants filed a Form 61 denial of plaintiff's Workers' Compensation claim. On 4 December 2012, plaintiff filed a Form 18 notice of accident concerning the 15 October 2011 incident.

On 17 September 2013, the matter was heard by Deputy Commissioner Robert J. Harris. On 12 February 2014, Deputy Commissioner Harris filed an opinion and award, ordering defendants to pay plaintiff compensation until he could resume work, together with the cost of plaintiff's continuing medical treatment. On 14 February 2014, Deputy Commissioner Harris filed an amended opinion and award, amending one of the findings of fact in the original opinion and award, but otherwise leaving the decision unchanged. On 20 February 2014, defendants appealed the decision to the Full Commission.

On 15 October 2014, the Full Commission issued its opinion and award, ordering defendants to pay plaintiff compensation until he could resume work, together with the cost of plaintiff's continuing medical treatment.

Defendants appeal.

## II. Standard of Review

Review of an opinion and award of the Industrial Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citations and quotations omitted).

### III. Analysis

In their sole argument on appeal, defendants contend that the Full Commission erred in awarding plaintiff disability benefits. We disagree.

Defendants challenge Findings of Fact Nos. 28 and 54, in which the Commission found:

> 28. As of his 31 May 2012 visit with Dr. Eglinton, plaintiff's left knee condition was no longer an issue. However, plaintiff reported constant left hip pain which he rated 4/10 on average. In this medical record from 31 May 2012, Dr. Ellington [sic] noted that the MRI "shows avascular necrosis of the femoral head, and the course of the issue (sic) is, was this related to the motor vehicle accident? No. It would be far too early for AVN to develop from that, and certainly is exacerbated by the car wreck. Could it have been 6 months ago? Yes. From the accident? Yes." Dr. Eglinton further noted, "[plaintiff] wants and needs to get back to work.... He is Catterall 2 with about half of the head involvement, and we need to do something before he collapses. I would recommend a core decompression...." Dr. Eglinton planned to see plaintiff again in two weeks.

. . .

54. The Full Commission finds based upon the preponderance of the medical evidence that the aggravation, acceleration and/or activation of plaintiff's pre-existing AVN which Dr. Eglinton treated is causally related to the trash bag lifting incident which occurred while plaintiff was working for defendant-employer on 15 October 2011.

Defendants also challenge Conclusions of Law Nos. 3, 4, and 5, in which the

Commission concluded:

3.    In situations involving a plaintiff with pre-existing infirmities or weaknesses, the North Carolina Court of Appeals has held:

When a pre-existing, *non-disabling, non-job-related* condition is aggravated or accelerated by an accidental injury arising out of and in the course of employment or by an occupational disease so that disability results, then the employer must compensate the employee for the entire resulting disability even though it would not have disabled a normal person to that extent.

*Morrison v. Burlington Industries*, 304 N.C. 1, 18, 282 S.E.2d 458,470 (1981). The preponderance of the evidence in view of the entire record shows that, as a result of the 15 October 2011 accident, plaintiff's pre-existing non-job-related AVN was aggravated, accelerated and/or activated, thereby disabling plaintiff and necessitating the left hip treatment rendered by Dr. Eglinton. *Id.*

4.    Because it would be speculative to try to apportion the degree to which plaintiff's current left hip condition is related to the compensable injury and the degree to which it might be related to non-work-related factors, plaintiff is entitled to full compensation without apportionment.

*Rawls v. Yellow Roadway Corp.*, ___ N.C. App. ___, 723 S.E.2d 573 (2012).

5.     In order to meet the burden of proving continuing disability, plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's compensable injury. N.C. Gen. Stat. § 97-2(9); *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). A plaintiff may prove continuing disability by producing evidence of one of the following: (1) medical evidence that he is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that he is capable of some work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that he has obtained other employment at wages less than her [sic] pre-injury wages. *Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). Plaintiff was directed by Dr. Eglinton not to work until he had surgery to address his AVN and has not been released to return to work. Plaintiff has proven disability under prong one of *Russell* through medical evidence that, as of 1 April 2012 he was physically or mentally, as a result of his work-related injury, incapable of work in any employment. *Id.* As such, he is entitled to temporary total disability compensation from 2 April 2012 through the present and ongoing. N.C. Gen. Stat. §§ 97-2(9) and 97-29; *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 425 S.E.2d 454 (1993).

In short, the Commission, based upon Dr. Eglinton's medical report, found that plaintiff had preexisting avascular necrosis (AVN) that was accelerated or activated as a result of the 15 October 2011 incident, and that this condition was worsened by

his off-the-job injury on 1 April 2012. The Commission concluded that plaintiff became disabled after the 1 April 2012 injury, but that this disability had resulted from exacerbation of the prior AVN; that apportionment of his disability would be impossible; and that therefore plaintiff was entitled to full compensation without apportionment.

Defendants contend that this analysis was erroneous. Defendants focus entirely on the initial 15 October 2011 incident and note that plaintiff was still able to return to work until the vehicular incident on 1 April 2012. The Supreme Court's decision in *Morrison*, argue defendants, stands for the principle that disability is compensable if a pre-existing but non-disabling injury is exacerbated on the job, not if a non-disabling injury suffered on the job is later aggravated off the job. As a result, defendants maintain, plaintiff did not suffer a compensable disability. Defendants cite decisions of this Court that stand for the principle that "[a] subsequent injury to an employee, whether an aggravation of the original injury or a new and distinct injury, is compensable only if it is the direct and natural result of a prior compensable injury." *Vandiford v. Stewart Equipment Co.*, 98 N.C. App. 458, 461, 391 S.E.2d 193, 195 (1990) (citing *Starr v. Charlotte Paper Co.*, 8 N.C. App. 604, 610, 175 S.E.2d 342, 347 (1970)). Defendants assert that, as the injury of 1 April 2012 was not a "direct and natural result" of the injury of 15 October 2011, even if it aggravated the original injury, it is not compensable.

Even assuming *arguendo* that defendants' contentions are correct, however, this does not change the outcome of the case. Plaintiff suffered a compensable injury when his preexisting AVN was activated or accelerated by the 15 October 2011 incident, as the Commission concluded in its Conclusions of Law Nos. 1 and 2, which defendants do not challenge on appeal. Further, as a result of this incident, plaintiff's ability to perform his ordinary duties was limited to such an extent that it was noticed by his supervisor. Defendants do not challenge the findings which state this; rather, they rely on them in describing plaintiff's job performance subsequent to 15 October 2011. At the very least, therefore, plaintiff suffered a compensable injury that hindered his job performance.

Dr. Eglinton stated that he could not apportion the degree of damage done to plaintiff's left hip as between the incident of 15 October 2011 and the incident of 1 April 2012. The Commission found this as fact, and defendants do not challenge it on appeal. The Commission correctly noted that where apportionment is impossible, full compensation is appropriate.

We hold that the evidence before the Commission supported its findings of fact. Further, because it found that plaintiff clearly suffered a compensable injury during work that activated or accelerated a preexisting condition, and because it found that it was impossible to determine how much of plaintiff's disability was attributable to

that injury as opposed to a subsequent injury, we hold that the Commission did not err in concluding that plaintiff was entitled to full compensation.

AFFIRMED.

Judges STEPHENS and McCULLOUGH concur.

Report per Rule 30(e).